IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>ELMER JIMMY MAES,<br><br>             Defendant. | MEMORANDUM DECISION AND<br>ORDER<br><br>Case No.  1:08CR31DAK |

This matter is before the court on Defendant Elmer Jimmy Maes's Motion to Dismiss based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161(c).   The United States has filed a memorandum in opposition, and Defendant replied.   The parties agreed to expedited briefing and an expedited decision from the court due to the upcoming trial in this matter, which is set for May 6, 2009.   The court has carefully considered the parties' memoranda, and the law and facts relating to this motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

On August 20, 2007, Defendant was initially charged in Utah state court with possession of a controlled substance with the intent to distribute.   The charges related to alleged conduct occurring on or about November 18, 2005.   The matter in state court proceeded through the preliminary hearing state and Defendant filed a motion to suppress.   The motion to suppress,

however, was never heard by the state court because the government decided to pursue the case in federal court.  The State of Utah dismissed the charges against Defendant based on his federal Indictment for the same conduct.

In this court, Defendant was indicted on March 26, 2008, and his initial appearance was April 9, 2008.  At his initial appearance, Defendant entered a plea of not guilty, and the court set a trial for June 16, 2008.  On June 12, 2008, Defendant filed a motion to continue the trial date. Defendant sought a continuance because he had several medical procedures pending in June as a result of his terminal liver cirrhosis with live failure due to hepatitis C, including bone marrow procedures.  The government joined in the motion because of its recent assignment of new counsel to the case and his need for additional time to prepare the case for trial.

On June 17, 2008, the court granted the Order of Continuance presented by the parties. The Order provides that the trial set for June 16, 2008, is continued until a new date to be set by the court.  In the Order, it also states that "based on Defendant's motion that the Defendant's Constitutional right to a speedy trial is waived from the period starting on the 16th of June, 2008 and continuing until the new dated [sic] of trial to be set by the Court."

On June 18, 2008, the court reset Defendant's trial for September 23, 2008, and sent a notice of that trial date to the parties.  On September 5, 2008, however, Defendant filed a Motion to Suppress.  The court vacated the September trial date as a result of the motion.  The court held an evidentiary hearing on the motion to suppress on October 9, 2008, and allowed the parties until November 19, 2008 to filed briefs on the motion.  The court held closing arguments on the motion on December 16, 2008, and issued its Memorandum Decision on the motion on

2

December 17, 2008.

      After the court issued is Memorandum Decision on Defendant's Motion to Suppress, nothing occurred until the court set a new trial date on February 23, 2009.  On that date, the court set the trial for May 6, 2009.  On April 27, 2009, Defendant filed the present motion to dismiss based on a violation of the Speedy Trial Act.

## DISCUSSION

      When a defendant enters a plea of not guilty, the Speedy Trial Act requires trial to occur within seventy days of the date the Indictment is filed or the date the defendants has appeared before a judicial officer.  *See* 18 U.S.C. § 3161(c)(1).  Under Section 3161(h)(1)(F), the Speedy Trial Act allows for an exclusion of time for delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion."  Defendant agrees that the time requirements were tolled during the pendency of his motion to suppress.  Defendant argues, however, that a violation of Speedy Trial Act occurred in this case when his trial did not occur within seventy days of the court's December 17, 2008 ruling on his motion to suppress.

      The United States, however, contends that Defendant waived his right to a speedy trial based on the court's June 17, 2008 Order of Continuance.  But the language of that order states that "Defendant's Constitutional right to a speedy trial is waived from the period starting on the 16th of June, 2008 and continuing until the new dated [sic] of trial to be set by the Court."  This court docket indicates that on June 18, 2008, the court set a new trial date for September 23, 2008.  Thus, Defendant's waiver only applied until September 23, 2008.  There is no basis for the

court to construe the language in the Order of Continuance to apply to subsequent trial settings.

Defendant's intervening motion to suppress required the court to strike the September 23, 2008 trial setting but the motion only tolled the time until December 18, 2008, when the court ruled on the motion. After the court ruled on the motion to suppress, no other tolling provision under Section 3161(h) applied to toll the time. The case merely sat without a trial date for over two months. And, when the trial was reset, it was scheduled another two-and-a-half months later.

The court, therefore, concludes that the delay between the court's December 18, 2008, and the May 6, 2009 trial date is a violation of the Speedy Trial Act. Under the Speedy Trial Act's requirements the trial in this case should have occurred by February 28, 2009, or have been continued based on one of the tolling provisions of the act. But no such tolling occurred. Defendant's waiver in the June 17, 2008 Order of Continuance only applied to the court's June 18, 2008 resetting of the trial to September 23, 2009. The waiver language cannot be construed to apply to the time after the court's ruling on the motion to suppress.

Under the Speedy Trial Act, "[i]f a defendant is not brought to trial within the time limit required by Section 3161(c) as extended by section 3161(h), the . . . indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The court must, therefore, dismiss the present indictment.

The remaining issue, however, is whether the court should dismiss the indictment with or without prejudice. Section 3162(a)(2) provides that when the court is determining whether to dismiss an indictment with or without prejudice, the court should consider: "the seriousness of

the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

The United States does not address the issue of whether the indictment should be dismissed with or without prejudice. Defendant, however, asserts that the indictment should be dismissed with prejudice because there has been a significant delay that violates the Act and there is a pattern of delay in this action. The State waited twenty-one months before filing an information against Defendant in state court. The case then proceeded in state court for over seven months before the Indictment was filed in this court. These delays preceded the violation of the Speedy Trial Act in this case. Defendant further argues that the significant delay in this case has prejudiced Defendant's ability to aid in his defense. The delay in this case is exacerbated by Defendant's inability to recall relevant factual circumstances due to the effects of his prescribed medications.

In considering the factors outlined in Section 3162, neither party addresses the seriousness of the crime. The court, however, notes that the quantity of drugs is not unusually large. Defendant has not been detained pending trial. And, given Defendant's terminal health condition, there appears to be little likelihood that Defendant would engage in any further illegal conduct if this case were not reprosecuted.

The court agrees with Defendant that there has been a pattern of delay in prosecuting this action against Defendant. Not only was there a delay in bringing the charges, there was delay in determining which court to proceed in, and then the delay after the motion to suppress which resulted in the Speedy Trial Act violation. These facts and circumstances weigh in favor of

5

dismissing the case with prejudice.

Moreover, in considering the impact of reprosecution and prejudice to Defendant, the court concludes that the case should be dismissed with prejudice.  The delay in this case has been significantly prejudicial in light of  Defendant's health condition.  His condition has worsened during the pendency of this case and it impacts his ability to aid in his defense.  A reprosecution would be more prejudicial.  Accordingly, the court concludes that the indictment against Defendant shall be dismissed with prejudice.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss based on a violation of the Speedy Trial Act is GRANTED.  Accordingly, the indictment in this case is DISMISSED WITH PREJUDICE.

DATED this 28th day of April, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge