IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>ELMER JIMMY MAES,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:08CR31DAK |

       This matter is before the court on the United States' Motion for Hearing Re: Dismissal with Prejudice.  This court granted Defendant Elmer Jimmy Maes motion to dismiss the Indictment in this case with prejudice based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161.  The United States' present motion asks the court to reconsider that ruling and hold a hearing regarding the issue of dismissal with prejudice.

       As an initial matter, the United States states that both parties anticipated that the court would hold a hearing on Defendant's motion to dismiss.  The United States also restates this in its reply memorandum: "It is important to note from the outset that the government and defense counsel were anticipating a hearing on the Defendant's speedy trial motion."  Such representations, however, do not comport with the court's recollection of the events surrounding Defendant's filing of his motion to dismiss.  The court's recollection of those circumstances is as follows.  Prior to trial, the court called counsel for each party regarding deadlines for proposed

jury instructions, verdict form, and voir dire.  When talking to counsel, the court learned that Defendant intended to file the speedy trial act motion to dismiss, but his counsel was having difficulty with converting his motion into a format consistent with the court's electronic case filing system.  The court called counsel for the United States to discuss the trial deadlines and the motion to dismiss.  Because of the close proximity of the trial date and counsel's need to prepare for trial, the court asked the United States if a response could be filed by Wednesday, April 29, 2009.  Counsel for the United States indicated that he could comply with that deadline.  The court then stated to counsel for the United States that if he could file the opposition by Wednesday, the court would issue a ruling on Thursday, April 30, 2009.  This expedited briefing and ruling would enable counsel to receive a ruling on the motion before proposed jury instructions, verdict form, and voir dire were due on Friday, May 1, 2009.

During the telephone call with the court, counsel for the United States never asked the court for a hearing on the motion.  There was no discussion between the court and either counsel regarding the scheduling of a hearing on the motion.  The court only indicated that if an opposition could be filed by April 29, 2009, the court would rule on the motion by April 30, 2009.  If the parties anticipated a hearing on the motion, it is unusual that neither of them spoke about such a hearing given the one day turn around time between the court's requested deadline for the United States' filing of an opposition and the court's issuance of a ruling on the motion the following day.

Ultimately, the United States filed its opposition to Defendant's motion on April 28, 2009, and Defendant filed a reply memoranda later that day.  The court then also issued its order

later that same day. At no time, however, did counsel for either party ask for a hearing or discuss the scheduling of a hearing on the motion.

The court does not believe that it is "important to note" that the parties intended to have a hearing. The court requested the parties to file memoranda addressing the issues relevant to the motion. It is also the parties' obligation to address the issues relevant to any pending motion. The United States chose not to address the issue of whether the case should be dismissed with or without prejudice. It now attempts to justify that decision by asserting that it expected the court to hold a hearing on the issue. As the court has just stated, there was no discussion regarding a hearing. But, even if the parties anticipated a hearing, the court would expect the government to address all of the issues it intended to raise at the hearing in its memorandum. Although this court typically allows parties to raise new issues at oral argument, several judges do not. Therefore, even if the United States intended to raise all of the new arguments it asserts in its present motion regarding the prejudice issue at an anticipated hearing on Defendant's motion, it would have been improper to do so because the United States failed to include such arguments in its briefing.

Defendant raised the issue of prejudice in his opening motion. While he did not fully address it, he asked for leave to address it more fully. Defendant did not state whether he intended to address the issue more fully in a reply memoranda or a hearing. However, the United States was clearly on notice of the prejudice issue and should have addressed the issue in its memorandum in opposition.

The tone of the United States' present motion suggests that the United States believes that

this court found it to be solely responsible for the Speedy Trial Act violation. The court made no such finding. The court takes equal blame or responsibility for the failure to hold a timely trial in this matter after it decided the motion to suppress. The court's order analyzed the various factors relevant to its determination of whether the dismissal should be with prejudice or without prejudice. While the United States' present motion fully analyzes the prejudice issue, the court does not find any of the United States' new arguments persuasive enough for the court to alter its prior ruling. Moreover, because the government has fully addressed the prejudice issue in its briefing, the court does not believe that a hearing on the issue is necessary. Accordingly, the United States' Motion for Hearing Re: Dismissal with Prejudice is DENIED.

DATED this 26th day of May, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge